IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2008

Charles R. Fulbruge III
Clerk

No. 08-50245
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAIME GOMEZ-MARIN, also known as Jaime Marin-Gomez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2558-ALL

Before JOLLY, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jaime Gomez-Marin appeals from the sentence imposed for his guilty plea conviction for illegal reentry, 8 U.S.C. § 1326. Gomez-Marin was sentenced near the middle of his advisory sentencing guidelines range to a 50-month term of imprisonment. He contends that his sentence is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a) because it overstated the seriousness of his criminal history and the seriousness of his unlawful reentry offense.

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Citing the Supreme Court's decisions in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2462, Gomez-Marin argues that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Gomez-Marin contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2(b), the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." He portrays the Kimbrough decision as having "suggested" that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564 (citation omitted). Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported

by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), cert. denied, 2008 WL 3996218 (Oct. 6, 2008) (No. 08-5988), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable in this case.

Gomez-Marin argues that the sentence imposed by the district court was greater than necessary to satisfy the § 3553(a) factors. He contends that the guideline range of 46-57 months overstated the seriousness of his criminal history, thus overstating the length of the sentence needed to reflect his risk of recidivism or danger. He also argues that the guideline range was too severe to reflect the seriousness of his unlawful reentry offense, considering that it was not a crime of violence and did not pose a danger to others.

The district court considered Gomez-Marin's request for a below guidelines sentence and denied the request. The totality of the circumstances, considered in light of the § 3553(a) factors, support the sentence the district court judge imposed. Gomez-Marin's within-guidelines sentence is entitled to a presumption of reasonableness. Rita, 127 S. Ct. at 2462; Alonzo, 435 F.3d at 554. Gomez-Marin has failed to show that the presumption should not apply. The district court did not abuse its discretion in imposing a sentence within the advisory guideline range. Gall, 128 S. Ct. at 597.

Gomez-Marin contends that his sentencing range was excessive because the lack of a "fast-track" program in the Western District of Texas resulted in a disparity between sentences imposed in that district and sentences imposed in districts that have such programs. As Gomez-Marin concedes, his argument is foreclosed by United States v. Gomez-Herrera, 523 F.3d 554, 559-64 (5th Cir. 2008), petition for cert. filed, (July 2, 2008) (No. 08-5226); see also United States v. Lopez-Velasquez, 526 F.3d 804, 808 (5th Cir. 2008), petition for cert. filed, (July 25, 2008) (No. 08-5514) (same).

Accordingly, the judgment of the district court is AFFIRMED.